Vacated by Supreme Court, filed January 22, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4456**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LAWRENCE W. NELSON, a/k/a Zikee,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:03-cr-00049-IMK)

---

Submitted:  June 29, 2007          Decided:  July 30, 2007

---

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Christopher A. Davis, DAVIS LAW OFFICES, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence W. Nelson appeals his conviction by a jury of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to a 360-month term of imprisonment, the bottom of the advisory sentencing guideline range. Nelson appeals his conviction and sentence, asserting that the evidence was insufficient to convict, that the district court abused its discretion in making certain evidentiary rulings and in denying his motion for a continuance and to reopen his case, and that the court essentially sentenced him under a mandatory guideline scheme. We affirm.

Nelson first asserts that the evidence was insufficient to convict him of conspiracy to possess with intent to distribute and to distribute crack cocaine because the Government failed to prove an agreement between Nelson and another person. This court reviews de novo the district court's decision to deny a motion filed pursuant to Fed. R. Crim. P. 29. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. This court "can reverse a

conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

We have carefully reviewed the trial testimony and are convinced that the Government established a loosely-knit association of members, including Nelson, whose purpose was to distribute crack cocaine in West Virginia. See United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001) (discussing elements of offense); see also United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) ("The existence of a tacit or mutual understanding between conspirators is sufficient evidence of a conspiratorial agreement.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 1669 (2006). Although Nelson asserts that he merely had buyer-seller relationships with those individuals, we conclude that the jury could infer that a conspiracy existed from the amount of drugs exchanged. See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) ("[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators."). Thus, we find that the evidence was sufficient to convict Nelson of conspiracy to distribute crack cocaine.

Next, Nelson challenges certain evidentiary rulings on the ground that the rulings prevented him from developing his defense. Nelson points to, inter alia, the district court's decision to allow Anthony Powell and Jamal Eddings to testify despite their alleged late disclosure, to allow William Lohr to testify where the substance of his testimony was not disclosed until several days into the trial, to allow Sergeant Adams to testify as a summary witness, and to limit counsel's cross-examination of Edward Hollins. We find no abuse of discretion in the district court's evidentiary rulings. See United States v. Cooper, 482 F.3d 658, 662-63 (4th Cir. 2007) (stating standard of review).

To the extent that Nelson also contends the cumulative effect of the district court's evidentiary rulings amounted to partiality that denied him a fair trial, we review this claim for plain error because Nelson failed to object on this ground in the district court. See United States v. Smith, 452 F.3d 323, 330 (4th Cir.) (providing standard), cert. denied, 127 S. Ct. 694 (2006). Our review of the trial testimony convinces us that there was no error—plain or otherwise—on the district court's part. Moreover, the court instructed the jury that it should not draw any inferences from the court's statements, rulings, questions, remarks, or comments and should judge independently the questions of fact in Nelson's case. See United States v. Smith, 441 F.3d

- 4 -

254, 269 (4th Cir.) (stating that any "cumulative effect of the interventions by the court . . . was ameliorated by the instructions to the jury[,]" and "[j]urors are presumed to adhere to cautionary instructions issued by the district court"), cert. denied, 127 S. Ct. 226 (2006).  We therefore find that Nelson is not entitled to relief on this claim.

Nelson asserts that the district court erred by denying his requests for a continuance for counsel to prepare for witnesses not previously disclosed by the Government and by denying his motion to reopen his case in chief to present additional testimony. Our review of the district court's decisions leads us to conclude that the court did not abuse its discretion in denying either motion.  See United States v. Williams, 445 F.3d 724, 738 (4th Cir.) (stating standard of review for denial of motion for continuance), cert. denied, 127 S. Ct. 314 (2000); United States v. Nunez, 432 F.3d 573, 579 (4th Cir. 2005) (providing standard for motion to reopen).

Finally, it is well established in this circuit that a sentence imposed within a properly calculated guideline range is presumed to be reasonable.  See, e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct.

2054 (2006); <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  Nelson claims that the district court's reliance on this presumption of reasonableness rendered the guidelines sentence it imposed mandatory in contravention of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  We find that Nelson's argument is foreclosed by the Supreme Court's decision in <u>Rita v. United States</u>, ___ U.S. ___, ___, 2007 WL 1772146, at *3, *6 (U.S. June 21, 2007) (No. 06-5754).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>