Reversed by Supreme Court, filed January 26, 2009

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4456**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAWRENCE W. NELSON, a/k/a Zikee,

        Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-7380)

---

Submitted: April 23, 2008          Decided: May 9, 2008

---

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Christopher A. Davis, DAVIS LAW OFFICES, Clarksburg, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of Rita v. United States, 127 S. Ct. 2456 (2007). In United States v. Nelson, 237 F. App'x 819 (4th Cir. 2007), vacated, 128 S. Ct. 1124 (2008), we affirmed Lawrence W. Nelson's 360-month sentence imposed by the district court after a jury convicted Nelson of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). After reviewing Nelson's appeal in light of Rita, we affirm.*

In Rita, the Supreme Court held that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." 127 S. Ct. at 2462. The Court stressed "that the presumption . . . is an appellate court presumption." Id. at 2465. Importantly, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Id.

In sentencing a defendant after United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process. First, the court must correctly calculate the appropriate advisory guidelines range. Gall v. United States, 128 S. Ct. 586, 596 (2007) (citing Rita, 127 S. Ct. at 2465). The court then must

_____

*In the prior appeal, Nelson also challenged his conviction on several grounds. We reinstate our prior opinion affirming his conviction. See Nelson, 237 F. App'x at 820-21.

- 2 -

consider that range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Id. The court "may not presume that the Guidelines range is reasonable" but, rather, "must make an individualized assessment based on the facts presented" in determining an appropriate sentence. Id. at 596-97. The district court also must "adequately explain the chosen sentence to allow for meaningful appellate review." Id. at 597.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Id.; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Gall, 128 S. Ct. at 597.

Here, Nelson asserts that the district court applied the guidelines in a mandatory fashion. He relies on the district court's statement at sentencing "that 'the guidelines are advisory but under the case law of the Fourth Circuit Court of Appeals . . .

- 3 -

the Guidelines are considered presumptively reasonable . . . . That means that unless there's a good reason in the factors that I just reviewed with you, the Guideline sentence is the reasonable sentence . . . .'"

Although Nelson asserts that the district court treated the guidelines as mandatory, we find, taking the district court's comments at sentencing as a whole, the court did not do so. See United States v. Go, 517 F.3d 216, 218-20 (4th Cir. 2008). As in Go, the district court in Nelson's case understood that the guidelines were advisory and that it could impose a sentence outside of the guidelines range. For example, the district court considered the arguments from Nelson and his witnesses, the advisory guideline range, and the factors in § 3553(a), noting that Nelson was convicted of a crack offense, was a leader in the offense, possessed a firearm, had a significant criminal history, and had made laudable efforts at self-rehabilitation. Given the circumstances of Nelson's case, however, the district court exercised its discretion not to vary from the advisory guideline range and decided to impose a sentence at the bottom of the range. We therefore find that the district court did not procedurally err in sentencing Nelson. See Go, 517 F.3d at 218-20.

Accordingly, we affirm the 360-month sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED