

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2009

# USA v. Marrero

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Marrero" (2009). *2009 Decisions.* Paper 1816.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1816

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4161

UNITED STATES OF AMERICA

v.

CHRISTOPHER MARRERO,
Appellant

On Appeal from the United States District Court
for the District of Delaware
D.C. Criminal No. 07-cr-0013-1
(Honorable Sue L. Robinson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2009

Before:  SCIRICA, *Chief Judge*, AMBRO and SMITH, *Circuit Judges*.

(Filed:  February 27, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Christopher Marrero pled guilty to two counts of wire fraud in violation of 18

U.S.C. § 1343, and one count of aggravated identity theft in violation of 18 U.S.C. §

1028A.  He was sentenced to 41 months imprisonment for wire fraud, to be followed by a

24 month sentence for aggravated identity theft, served consecutively as required under

18 U.S.C. § 1028A.  Marrero appeals his sentence, contending the district court

procedurally erred by treating the sentencing guidelines as mandatory.[1]  Sentencing law

has evolved rapidly in the last few years.  "*Apprendi, Booker, Rita, Gall,* and *Kimbrough*

have given the lower courts a good deal to digest over a relatively short period." *Spears*

*v. United States*, No. 08-5721, slip op. at 7 (U.S. Jan. 21, 2009), *available at* 2009 U.S.

LEXIS 864, at *11.  In light of our uncertainty over whether the District Court's decision

conforms to current sentencing law, specifically *Gall v. United States*, 128 S. Ct. 586

(Dec. 10, 2007), we will remand for resentencing.

I.

We review the sentence under an abuse-of-discretion standard. We must

> ensure that the district court committed no significant procedural error, such
> as failing to calculate (or improperly calculating) the Guidelines range,
> treating the Guidelines as mandatory, failing to consider the § 3553(a)
> factors, selecting a sentence based on clearly erroneous facts, or failing to
> adequately explain the chosen sentence – including an explanation for any
> deviation from the Guidelines range.

*Gall v. United States*, 128 S.Ct. 586, 597 (2007).

II.

In *Nelson v. United States*, the Supreme Court held "the sentencing court must first

calculate the Guidelines range, and then consider what sentence is appropriate for the

_____

[1]We have jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. § 3742(a)(1).

2

individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a),[2]

explaining any variance from the former with reference to the latter." No. 08-5657, slip

op. at 2 (U.S. Jan. 26, 2009), *available at* 2009 U.S. LEXIS 872, at \*2 (footnote added);

*see also United States v. Gunter*, 462 F.3d 237, 243 (3d Cir. 2006) (outlining a

substantially identical process for district courts to follow).

Here, the District Court stated:

> I agree that the sentence suggested by the guideline range is extraordinarily long, and if I were writing on a blank slate, I'm not confident that I would come up with the same guideline ranges. But, of course I'm not. Not only am I looking at the guideline range, but I'm looking at the post-Booker new legal landscape imposed by the Third Circuit. And in addition to that, I'm looking at this defendant's sentence vis-a-vis his [co-]defendants. So I'm not even able simply to take him, I don't believe, and separate his acts from everyone else's.
> Given all of that, I take no pleasure, but I am going to follow the guideline range here. The range is so high based on the loss, and that's

---

[2]Under the statute, the relevant factors are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . (5) any pertinent policy statement– (A) issued by the Sentencing Commission . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

based on this defendant's willingness to take money from his employer illegally. And unfortunately, Congress has made the determination that this sort of crime deserves harsh penalties. But at this point in time, based on the landscape that I am dealing with, I am not going to vary or depart from the guideline range.

JA-59-60.

It is possible the District Court correctly followed the process laid out in *Nelson*. It did calculate the guidelines and "then consider[ed] what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson*, No. 08-5657, slip op. at 2.

But as a sister circuit has held, "*Gall* and *Kimbrough* represent the expansion of the district court's authority to vary from the guidelines . . . [having] wide latitude in making individualized sentencing determinations." *United States v. Rodriguez*, 527 F.3d 221, 225 (1st Cir. 2008); *see Gall v. United States*, 128 S. Ct. 586 (Dec. 10, 2007); *Kimbrough v. United States*, 128 S.Ct. 558 (Dec. 10, 2007). And *Kimbrough* recognized that "a categorical disagreement with and variance from the Guidelines is not suspect." *Spears,* No. 08-5721, slip op. at 4 (clarifying the *Kimbrough* holding with regards to the crack cocaine ratio).

When confronted with a district court's uncertainty in sentencing, the First Circuit prescribed resentencing in light of subsequent Supreme Court decisions. *Rodriguez* vacated the sentence because the "district court, acting without the benefit of the

4

watershed decision in *Kimbrough* . . . [, did not] consider requests for variant sentences premised on disagreements with the manner in which the sentencing guidelines operate." *Id.* at 231.

The District Court here also acted without the benefit of *Gall* and *Kimbrough*. Due to the probability that the District Court believed itself unduly constrained by the guidelines, we will vacate and remand so that the District Court may re-sentence Marrero. Of course, we express no opinion as to what the sentence should be. Accordingly, we will vacate the sentence and remand for resentencing in light of *Gall v. United States*, 128 S. Ct. 586 (2007).