NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‗‗‗‗‗‗‗‗‗‗

No. 09-2355

‗‗‗‗‗‗‗‗‗‗

UNITED STATES OF AMERICA

v.

CHRISTOPHER MARRERO,

Appellant

‗‗‗‗‗‗‗‗‗‗

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 07-00013-001)
Honorable Sue L. Robinson, District Judge

‗‗‗‗‗‗‗‗‗‗

Submitted under Third Circuit LAR 34.1(a)
June 25, 2010

BEFORE: SMITH, FISHER, and GREENBERG, Circuit Judges

(Filed: July 2, 2010)

‗‗‗‗‗‗‗‗‗‗

OPINION OF THE COURT

‗‗‗‗‗‗‗‗‗‗

GREENBERG, Circuit Judge.

This matter comes on before the Court on an appeal from a judgment of conviction

and sentence entered in this case on April 29, 2009, following our remand for

resentencing on appellant Christopher Marrero's appeal from the original sentence that

the District Court imposed.  See United States v. Marrero, 313 F. App'x 557 (3d Cir. 2009).  Inasmuch, as we set forth the facts of the case in our opinion on the original appeal we will not repeat them at length.  The District Court imposed the original sentence on the basis of Marrero's pleas of guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  The District Court calculated Marrero's guideline range as 41 to 51 months but recognized that section 1028A required it to impose a two-year sentence to run consecutively to the sentence for wire fraud.  Thus, Marrero's sentencing guidelines range effectively was 65 to 75 months.[1]

Marrero, however, argued on his original appeal that the range overstated an appropriate punishment for his conduct and thus he asked the District Court to depart or vary downwards from the sentencing range.  The Court, however, imposed a within guidelines range sentence of 41 months for the wire fraud to be followed by a consecutive sentence of 24 months on the identity theft conviction.  Marrero appealed to this Court and we vacated the sentence and remanded the case for resentencing as we reasoned that it was unclear whether the District Court understood its ability to depart from the applicable guidelines range inasmuch as the District Court had sentenced Marrero before the Supreme Court decided Gall v. United States, 552 U.S. 38, 128 S.Ct. 586 (2007), and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 559 (2007).  We, however, did not

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

2

make a suggestion as to the appropriate sentence for the District Court to impose on remand.

On the remand Marrero successfully contended that the District Court should vary downwards from the sentencing range. Thus, the Court imposed a sentence of 61 months divided between 37 months on the wire fraud counts and 24 months on the identity theft count. In imposing this sentence the Court took into account its earlier sentence of a co-defendant, Anabelle Luna, which was the same as the sentence that it was imposing on Marrero on the remand. During Marrero's resentencing the Court suggested that if it "could start over again," app. at 52, its sentence might have been different but that it felt "constrained" by Marrero's "significant role" in the criminal conduct to go no lower in sentencing him as it could not sentence Marrero "to less than Ms. Luna." Id. at 53. On this appeal Marrero contends that the District Court erred as a matter of law for, in Marrero's view, the Court would have sentenced him to a lesser sentence if it had known all the facts known to it at the time of his sentence when it earlier had sentenced the other defendants, including in particular Luna. Thus, he contends that our scope of review is plenary, citing United States v. McDowell, 888 F.2d 285 (3d Cir. 1989). The government, however, contends that the District Court understood the scope of its discretion when it resentenced Marrero and thus it regards the question before us as involving a determination of whether the District Court abused its discretion in its resentencing. In this regard it cites, inter alia, United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).

Clearly the government is correct. This case involved a sophisticated scheme in which Marrero and Luna as the principal offenders, along with certain other persons playing lesser roles, caused Access Labor, a temporary labor agency, to make payroll payments to persons that Access did not employ and thus to whom it did not owe wages. Significantly, the scheme was large as the loss to Access was over $400,000.

It is important to observe that Marrero was involved in this long running scheme longer than anyone else including Luna. Thus, we are satisfied that when the Court said that it was "constrained" not to impose a lesser sentence it merely was referring to a comparison of the sentences it already had imposed and how it should exercise its discretion in resentencing Marrero. Therefore, the Court was not using the word "constrained" as setting forth a legal requirement governing it at the resentencing such as the requirement for consecutive sentences for the wire fraud and identity theft counts. Of course, it was appropriate for the Court to consider Luna's sentence when sentencing Marrero as 18 U.S.C. § 3553(a)(6) provides that a Court should avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The judgment of conviction and sentence entered April 29, 2009, will be affirmed.

4