**UNITED STATES of America,**

v.

**Rajul RUHBAYAN, Defendant.**

**Criminal No. 2:02cr29.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 5, 2009.

James A. Metcalfe, Assistant United States Attorney, Norfolk, VA, for Plaintiff.

Joseph B. McCracken, Esquire, Norfolk, VA, for Defendant.

## *JUDGMENT ORDER*

REBECCA BEACH SMITH, District Judge.

In 2003, a jury convicted defendant Rajul Ruhbayan of offenses arising from a perjury and obstruction of justice scheme.[1] On February 4, 2004, this court sentenced defendant to life imprisonment, consisting of 60 months on Count One, life on Count Two, 60 months on Count Three, and 60 months on Count Four, all to be served concurrently.[2] The United States Court of Appeals for the Fourth Circuit affirmed defendant's convictions, but vacated his

1. The jury found defendant guilty of (1) conspiracy to commit perjury and obstruction of justice, in violation of 18 U.S.C. § 371; (2) corruptly influencing and attempting to influence the testimony of a witness, in violation of 18 U.S.C. § 1512(b)(1); (3) perjury in a court proceeding, in violation of 18 U.S.C. § 1623; (4) suborning of perjury, in violation of 18 U.S.C. § 1622; and (5) obstruction of justice, in violation of 18 U.S.C. § 1503. These charges arose from defendant's criminal trial in this court in 2000 before Judge Henry C. Morgan in case number 2:00cr86.

2. Pursuant to this court's pre-trial rulings and the Fourth Circuit opinion in *United States v.*

sentence, remanding for resentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Ruhbayan*, 406 F.3d 292 (4th Cir.2005). At resentencing, the court considered the properly calculated Sentencing Guidelines and the factors under 18 U.S.C. § 3553(a), before reimposing defendant's life sentence. (*See* 11/08/05 Tr. 91–109.)[3]

Defendant appealed, partly to challenge the court's failure to account for 18 U.S.C § 3553(a) factors that would have mitigated defendant's sentence, including the sentencing disparities between powder and crack cocaine.[4] Under then-controlling precedent, the Fourth Circuit rejected all of defendant's appellate contentions and affirmed his sentence. *See United States v. Ruhbayan*, 527 F.3d 107 (4th Cir.2007) (citing *United States v. Eura*, 440 F.3d 625 (4th Cir.2006) (holding that the disparity between sentences for powder and crack cocaine cannot give rise to a variance), *vacated* — U.S. —, 128 S.Ct. 853, 169 L.Ed.2d 705 (2008)).

When defendant filed a petition for writ of certiorari, the Supreme Court vacated the judgment and remanded the case to the Fourth Circuit for further consideration in light of *Kimbrough v. United States*, — U.S. —, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (holding that a sentencing judge may consider the disparity between the Guidelines treatment of powder and crack cocaine in determining whether a Guidelines sentence is "greater than necessary" under 18 U.S.C. § 3553(a)). *See Ruhbayan v. United States*, — U.S. —, 128 S.Ct. 1132, 169 L.Ed.2d 946 (2008). The Fourth Circuit then vacated the sentence and remanded on only one issue: resentencing in light of *Kimbrough*. *See United States v. Ruhbayan*, 294 Fed.Appx. 23 (4th Cir.2008).

■■■ On March 3, 2009, defendant appeared with counsel for the resentencing proceedings. Having considered the Fourth Circuit's opinion on remand, the Supreme Court's decision in *Kimbrough*, the advisory Sentencing Guidelines,[5] and

---

*Kenny*, 973 F.2d 339 (4th Cir.1992), the conviction on Count Five for obstruction of justice was vacated at sentencing on February 4, 2004. The judgment order was filed on February 6, 2004, setting forth the sentences on Counts One through Four.

3. The court resentenced defendant on November 8, 2005, and entered a judgment order on November 14, 2005, *nunc pro tunc* November 8, 2005, but reserved an option to memorize its rulings in a written opinion. The court exercised this option, issuing a memorandum opinion on April 10, 2006 *nunc pro tunc* November 14, 2005. *See United States v. Ruhbayan*, 427 F.Supp.2d 640 (E.D.Va.2006).

4. The jury found that defendant committed and suborned perjury in connection with his 2000 trial on federal charges involving conspiracy to distribute crack cocaine, and other related drug and firearm offenses. *See supra* note 1.

5. The court concluded that the recently enacted crack cocaine amendments did not affect

defendant's Guidelines calculations, because the amendments would not change defendant's base offense level of 30, which is capped at this level as the maximum base under the Guidelines and which is reached before accounting for any offenses involving crack cocaine. Thus, the amendments would not lower defendant's Guidelines range, and do not apply. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment ... does not have the effect of lowering the defendant's applicable guideline range."). Further, the "Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, — U.S. —, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009) (emphasis in original); *see Spears v. United States*, — U.S. —, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009). Even if the crack cocaine amendments did apply to lower defendant's Guidelines range, the court would still impose the statutory

the factors under 18 U.S.C. § 3553(a),[6] the court finds the sentence within the statutorily prescribed range that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a), to be as follows: 60 months imprisonment on Count One, conspiracy to commit perjury and obstruction of justice, in violation of 18 U.S.C. § 371; life imprisonment on Count Two, corruptly influencing and attempting to influence the testimony of a witness, in violation of 18 U.S.C. § 1512(b)(1); 60 months imprisonment on Count Three, perjury in a court proceeding, in violation of 18 U.S.C. § 1623; and 60 months imprisonment on Count Four, suborning of perjury, in violation of 18 U.S.C. § 1622. The court imposes the foregoing sentence, with the imprisonment on all four counts to be served concurrently. In so sentencing defendant, the court specifically concludes that the crack/powder cocaine disparity did not yield a sentence greater than necessary to achieve the purposes of the factors in 18 U.S.C. § 3553(a). *See Kimbrough*, — U.S. —, 128 S.Ct. 558. The disparity did not in any way affect defendant's sentence for these convictions involving perjury, obstruction of justice, and witness tampering, which sentence would be the same under the sentencing factors of § 3553(a), regardless of whether crack or powder cocaine was involved in the underlying drug conspiracy trial in 2000.[7]

The Judgment Orders filed February 6, 2004, and November 14, 2005, are reimposed and remain in full force and effect. The Clerk shall send a copy of this Judgment Order to defense counsel, to the Assistant United States Attorney, to the Probation Office, to the United States Marshal, and to the Bureau of Prisons.

**IT IS SO ORDERED.**

---

maximums under the sentencing factors of 18 U.S.C. § 3553(a), as fully considered and reviewed on the record at the resentencing proceedings.

**6.** The court detailed its reasons on the record from the bench.

**7.** *See supra* notes 1 and 4.