**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5266**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JASON ALLEN WHITTINGTON,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Leonie M. Brinkema, District Judge.  (1:06-cr-00491-LMB-2)

Submitted:  August 17, 2009       Decided:  September 3, 2009

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael C. Sprano, THE SPRANO LAW FIRM, Fairfax, Virginia, for Appellant.  AeJean Cha, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Allen Whittington pled guilty pursuant to a plea agreement* to possession with intent to distribute marijuana, methylenedioxymethamphetamine, methylenedioxyamphetamine, and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Whittington was sentenced to fifty-one months for his narcotics conviction, and sixty months for his weapons conviction, the latter term to run consecutive to the former term, for a total of 111 months. Counsel for Whittington has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that he found no meritorious grounds for appeal but suggesting that Whittington's: (i) guilty plea was involuntary and not supported by a sufficient factual basis; and (ii) sentence is unreasonable because the district court refused to run his federal sentence concurrent to the state sentence Whittington was then serving. Counsel also moved for permission to withdraw from further representation of Whittington. Whittington filed a pro se supplemental brief, asserting that

_____

* Whittington waived his right to appeal his conviction and sentence in his plea agreement. Because the Government failed to assert the waiver as a bar to the appeal, however, we may undertake an Anders review. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

2

his attorney was ineffective for failing to object at sentencing to the district court's purported failure to consider the 18 U.S.C. § 3553(a) (2006) factors and his troubled childhood before imposing his sentence. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment and deny counsel's motion to withdraw.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. The record reveals that the district court fully complied with the Fed. R. Crim. P. 11 requirements during the plea colloquy, ensuring that Whittington's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Additionally, Whittington attested during the hearing that he committed the crimes to which he was pleading guilty, that he fully understood the ramifications of his guilty plea, and that he was made no promises outside those made by the Government in his plea agreement. Moreover, Whittington explicitly agreed in his statement of facts that if the matter went to trial, the Government would be able to establish the elements of the crimes to which he pled guilty beyond a reasonable doubt. Because no error was committed during the Rule 11 hearing, and since

3

Whittington's plea was knowing, voluntary, and supported by a sufficient factual basis, we affirm Whittington's convictions.

We also affirm Whittington's sentence. After United States v. Booker, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62. A sentence within the properly calculated Guidelines range may be afforded an appellate presumption of reasonableness. See Rita v. United States, 551 U.S. 338, 341 (2007); see also Nelson v. United States, 129 S. Ct. 890, 892 (2009) (emphasizing that the presumption of reasonableness accorded a within-Guidelines sentence is an appellate court presumption rather than a presumption enjoyed by a sentencing court).

We find the district court's 111-month sentence to be reasonable. First, Whittington was sentenced to the statutory mandatory minimum on his weapons conviction and the district court was obligated to run the sentence on that conviction

4

consecutive to the sentence imposed for Whittington's narcotics conviction.  See 18 U.S.C. § 924(c).  Accordingly, that sentence is per se reasonable.  See United States v. Farrior, 535 F.3d 210, 224 (4th Cir.) ("A statutorily required sentence . . . is per se reasonable.") (emphasis in original), cert. denied, 129 S. Ct. 743 (2008).

We also find that the district court committed no reversible procedural error in sentencing Whittington and find that his within-Guidelines sentence on the narcotics conviction is substantively reasonable.  See Rita, 127 S. Ct. at 2459.  We reject Whittington's assertion that the district court erred when it refused to run his federal sentence concurrent to the state probation revocation sentence he was then serving.  See U.S. Sentencing Guidelines Manual § 5G1.3(c) (2007) ("[I]n cases in which the defendant was on . . . state probation . . . at the time of the instant offense and has had such probation . . . revoked . . . the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.").

Last, we reject on this appeal Whittington's assertion that his attorney was ineffective for failing to object to the district court's purported failure to consider the § 3553(a) factors and his troubled childhood before imposing his sentence. An ineffective assistance of counsel claim should generally be

5

raised by a habeas corpus motion under 28 U.S.C. § 2255 (2006) in the district court. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Although an ineffective assistance claim may be cognizable on direct appeal if "it 'conclusively appears' from the record that defense counsel did not provide effective representation," Id. (internal citation omitted), it does not conclusively appear on the record that counsel provided ineffective representation or that Whittington was prejudiced by counsel's failure to object. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Accordingly, we conclude that an ineffective assistance of counsel claim is not cognizable on this appeal.

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment. At this juncture, we also deny counsel's motion to withdraw from further representation of Whittington. Rather, this court requires that counsel inform Whittington in writing of his right to petition the Supreme Court of the United States for further review. If Whittington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Whittington. We dispense with oral argument because the facts and legal contentions are adequately

6

presented in the materials before the court and argument would not aid the decisional process.

                                                              AFFIRMED