# SUPREME COURT OF THE UNITED STATES

## LAWRENCE W. NELSON, AKA ZIKEE *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 08–5657.   Decided January 26, 2009

PER CURIAM.

Lawrence Nelson was convicted of one count of conspiracy to distribute and to possess with intent to distribute more than 50 grams of cocaine base. See 21 U. S. C. §846. The District Court calculated Nelson's sentencing range under the United States Sentencing Guidelines, and imposed a sentence of 360 months in prison (the bottom of the range). During sentencing, the judge explained that under Fourth Circuit precedent, "'the Guidelines are considered presumptively reasonable,'" so that "'unless there's a good reason in the [statutory sentencing] factors . . . , the Guideline sentence is the reasonable sentence.'" Pet. for Cert. 10.

The United States Court of Appeals for the Fourth Circuit affirmed Nelson's conviction and sentence. *United States* v. *Nelson*, 237 Fed. Appx. 819 (2007) *(per curiam)*. It noted that within-Guidelines sentences are presumptively reasonable, and rejected Nelson's argument that the District Court's reliance on that presumption was error. *Id.*, at 821.

Nelson filed a petition for a writ of certiorari. We granted the petition, vacated the judgment, and remanded the case to the Fourth Circuit for further consideration in light of *Rita* v. *United States*, 551 U. S. 338 (2007). *Nelson* v. *United States*, 552 U. S. ___ (2008).

On remand and without further briefing, the Fourth Circuit again affirmed the sentence. 276 Fed. Appx. 331 (2008) *(per curiam)*. The court acknowledged that under

*Rita*, while courts of appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines," 551 U. S., at 347, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," *id.*, at 351. Instead, the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U. S. C. §3553(a), explaining any variance from the former with reference to the latter. Nonetheless, the Fourth Circuit upheld the sentence, finding that the District Court did not treat the Guidelines as "mandatory" but rather understood that they were only advisory. 276 Fed. Appx., at 333.

Nelson has again filed a petition for a writ of certiorari, reasserting, *inter alia*, essentially the same argument he made before us the first time: that the District Court's statements clearly indicate that it impermissibly applied a presumption of reasonableness to his Guidelines range. The United States admits that the Fourth Circuit erred in rejecting that argument following our remand; we agree.

Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. In *Rita* we said as much, in fairly explicit terms: "We repeat that the presumption before us is an *appellate* court presumption. . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 551 U. S., at 351. And in *Gall* v. *United States*, 552 U. S. ___ (2007), we reiterated that district judges, in considering how the various statutory sentencing factors apply to an individual defendant, "may not presume that the Guidelines range is reasonable." *Id.*, at ___ (slip op., at 11–12).

In this case, the Court of Appeals quoted the above language from *Rita* but affirmed the sentence anyway

Per Curiam

after finding that the District Judge did not treat the Guidelines as mandatory. That is true, but beside the point. The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guidelines range. Under our recent precedents, that constitutes error.

The petition for certiorari and the motion for leave to proceed *in forma pauperis* are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

LAWRENCE W. NELSON, AKA ZIKEE *v.*
UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 08–5657.    Decided January 26, 2009

JUSTICE BREYER, with whom JUSTICE ALITO joins, concurring in the judgment.

The Solicitor General confessed that the U. S. Court of Appeals for the Fourth Circuit erred. Given the nature of the error, and in light of the Solicitor General's confession, I would grant the petition for certiorari, vacate the judgment of the Court of Appeals, and remand for further proceedings.