

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# USA v. Luna

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Luna" (2009). *2009 Decisions.* Paper 1844.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1844

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4091

UNITED STATES OF AMERICA

v.

ANABELLE LUNA,
                                    Appellant

On Appeal from the United States District Court
for the District of Delaware
D.C. Criminal No. 07-cr-0013-2
(Honorable Sue L. Robinson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2009

Before:  SCIRICA, *Chief Judge*, AMBRO and SMITH, *Circuit Judges*.

Filed: February 20, 2009

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Anabelle Luna pled guilty to one count of wire fraud in violation of 18 U.S.C. §

1342, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  She

was sentenced to thirty-seven months imprisonment for wire fraud and twenty-four

months imprisonment for the aggravated identity theft, to be served consecutively as required by 18 U.S.C. § 1028A. Luna appeals her sentence, contending the District Court incorrectly weighed her mitigating circumstances and treated the guidelines as mandatory. We disagree and will affirm.[1]

I.

Luna participated in a scheme in which fraudulent payroll checks were issued for her and her co-defendants' benefit. After she entered her guilty plea, Luna requested a downward departure from the guidelines range and made several objections to the pre-sentence investigation report (PSR). At sentencing, Luna withdrew all the objections except one—that her criminal history category overrepresented the seriousness of her past criminal conduct. The District Court rejected her arguments and imposed a within-guidelines sentence.

> In reviewing a criminal sentence, an appellate court should:
>
> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

*Gall v. United States*, 128 S.Ct. 586, 597 (2007).

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

II.

Luna alleges two procedural errors: first, failure to analyze the relevant downward departure sentencing factors and second, treating the guidelines as mandatory. In *Nelson v. United States*, the Supreme Court held "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a),[2] explaining any variance from the former with reference to the latter." No. 08-5657, slip op. at 2 (U.S. Jan. 26, 2009), *available at* 2009 U.S. LEXIS 872, at *2 (footnote added); *see also United States v. Gunter*, 462 F.3d 237, 243 (3d Cir. 2006) (outlining a substantially identical process for district courts to follow).

The District Court did not abuse its discretion by imposing a within-guidelines sentence, nor did it disregard Luna's arguments for a downward departure. Before the

---

[2] Under the statute, the relevant factors are:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

District Court, Luna argued that her criminal history was overstated because it was based upon two crimes for which she did not serve any jail time. She contends the court never ruled on this objection. Luna also contends the District Court failed to give adequate consideration to any of the § 3553(a) factors. The record belies both of these contentions.

The District Court carefully considered the two steps outlined in *Nelson*. It first considered and calculated the guidelines range; it then considered Luna's objections to the PSR. Contrary to Luna's contention, the District Court specifically stated that "[w]ith respect to the assignment of criminal history points to the 1998 conviction and the 1999 conviction, I believe these points were assigned consistent with the sentencing guidelines and, therefore, that objection is overruled."

With regard to Luna's request for a downward departure, Luna and the government submitted sentencing memoranda and addressed the court. Luna's brothers testified in favor of a downward departure. In the end, however, the District Court, in its reasoned and sound discretion, determined a within-Guidelines sentence was appropriate. Although the District Court did state that "personal history and characteristics is [sic] the one factor under 3553(a) that are not really taken into account by the sentencing guidelines," it also stated that while "the defendant presents herself as a very sympathetic person, . . . I don't feel under these circumstances that a defendant's personal characteristics and history are so exceptional that I feel comfortable varying the sentence, because that would also throw askew the sentencings of the two other primary people

4

involved in the scheme." In the previous statement alone, the District Court took into consideration at least two different § 3553(a) factors: the need to avoid unwarranted sentencing disparities (§ 3553(a)(6)) and Luna's background and personal circumstances (§ 3553(a)(1)).

A sentencing court need not list every single § 3553(a) factor specifically; instead, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita v. United States*, 127 S.Ct. 2456, 2468-69 (2007); *accord United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Morever, the District Court acknowledged its legal authority to depart downward from the guidelines range, implicitly recognizing the advisory nature of the Sentencing guidelines under *United States v. Booker*, 543 U.S. 220 (2005). The District Court made no procedural error nor was its decision substantively unreasonable.

Accordingly, we will affirm the judgment of conviction and sentence.