**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4360**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DONNELL MANN,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:07-cr-00444-WDQ-2)

Submitted:  August 10, 2009              Decided:  August 25, 2009

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff
Attorney, Greenbelt, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Michael C. Hanlon, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Mann pled guilty to a Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a) (2006) (Count 2); to possession of a firearm by a convicted felon and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1) (2006) and 18 U.S.C. § 2 (2006) (Count 3); and to possession of firearms in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2009) and 18 U.S.C. § 2 (Count 5). Despite the fact that Mann's advisory Sentencing Guidelines range was 262-327 months, the district court sentenced him to 240 months of imprisonment: 180-month concurrent sentences for Counts 2 and 3 and a 60-month consecutive sentence for Count 5. On appeal, Mann alleges that his sentence was procedurally and substantively unreasonable. For the reasons that follow, we affirm.

We review sentences under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 590 (2007). We find no significant procedural or substantive error. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We note that we may apply a presumption of reasonableness on appeal to a within-Guidelines sentence. Rita v. United States, 551 U.S. 338, 347 (2007); see Nelson v. United States, 129 S. Ct. 890, 892 (2009) (emphasizing that the presumption of reasonableness accorded a within-

2

Guidelines sentence is an appellate court presumption rather than a presumption enjoyed by a sentencing court). Thus, we decline to find an abuse of discretion in this instance where a district court exercised its discretion to sentence a defendant below that range. See United States v. Moreland, 437 F.3d 424, 434-36 (4th Cir. 2006).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED