OPINION

SLOVITER, Circuit Judge.
Appellant Adam Levinson pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of filing a false tax return, in violation of 26 U.S.C. § 7206(1). The District Court imposed a below-Guidelines sentence of twenty-four months probation, including six months of home confinement. After the government appealed, this court concluded that the sentence was proeedurally unreasonable, vacated the sentence, and remanded the case to the District Court for resentencing. See United States v. Levinson, 543 F.3d 190 (3d Cir.2008).
On remand, the District Court imposed a new, but still below-Guidelines, sentence of imprisonment for twelve months and one day. Levinson now appeals, arguing that the new sentence is also proeedurally unreasonable because the District Court allegedly concluded that it was required to weigh the Sentencing Guidelines more heavily than the other sentencing factors enumerated by Congress in 18 U.S.C. § 3553(a).
I.
Levinson was the manager and minority owner of a company that provided filtered drinking water to residences and businesses. He falsely reported the company’s financial status and operational performance over a two year period, and his business partner invested millions of dollars into the company based on those misrepresentations. Levinson also hired an outside consultant to hide his machinations, forced his employees to participate in the fraud, and punished employees who refused to do so.
After his business partner received an anonymous tip regarding his wrongdoing, an audit uncovered Levinson’s misrepresentations as well as his use of over $177,000 of the company’s revenue for his personal benefit. Levinson also failed to report his use of those funds on his tax returns, and the government suffered an aggregate tax loss of about $44,000.
*758 As noted above, Levinson pled guilty to one count of wire fraud and one count of filing a false tax return based on the foregoing events. He also settled a civil fraud suit brought by his business partner by paying $350,000 and relinquishing his ownership interest in their company.
At the first sentencing hearing, the District Court correctly determined that Levinson faced an advisory Guidelines range of twenty-four to thirty months imprisonment. The Court also rejected Levinson’s request for a downward departure under the Sentencing Guidelines based on his allegedly diminished mental capacity. After hearing argument from both parties, the District Court imposed a sentence of twenty-four months probation, including a six month period of home confinement, as well as 100 hours of community service, about $177,000 in restitution, and a $200 special assessment.
The government appealed to this court, and as noted above, we vacated the sentence and remanded the case because the sentence was procedurally unreasonable. First, we concluded that the District Court’s finding that Levinson’s conduct inflicted no harm on the public — a finding upon which the District Court heavily relied in imposing its below-Guidelines sentence — was clearly erroneous given the tax fraud conviction. Second, we concluded that the District Court’s explanation for the variance was inadequate, particularly in light of that Court’s findings that Levinson was not an atypical defendant in terms of his personal characteristics or the particulars of his crimes.
On remand, the District Court reaffirmed its earlier rulings under the Sentencing Guidelines and again heard argument from the parties regarding an appropriate sentence. The government argued for a sentence within the Guidelines range. It contended that such a sentence was appropriate because of the seriousness of Levinson’s fraud and false tax filings, the need for deterrence, and the absence of any personal characteristics that distinguish Levinson from the mill-run white collar defendant.
On the other hand, Levinson argued that the District Court should again impose a sentence without a term of imprisonment. According to Levinson, the gravamen of the case was a private fraud that was amicably settled in the civil lawsuit between Levinson and his business partner. He also argued that a term of imprisonment would negatively impact his family, particularly his learning-disabled son, and that his good conduct under the original sentence supported a below-Guidelines sentence.
The District Court imposed a below-Guidelines sentence of imprisonment for twelve months and one day. The Court identified several mitigating factors specific to Levinson, including his good conduct on probation, the extent to which Levinson and his family had already been punished for his crimes, and his slight risk of recidivism. The Court also stated that a within-Guidelines sentence was not appropriate in light of the other sentences issued to white collar criminals within the district and the passage of time. Nonetheless, the Court concluded that the term of imprisonment ordered was necessary to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, and to afford adequate deterrence.[1]
II.
We review the procedural and substantive reasonableness of a sentence under an abuse-of-discretion standard. United States v. Tomko, 562 F.3d 558, 567 (3d *759 Cir.2009) (en banc). “[A]n abuse of discretion has occurred if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion,” but “absent any significant procedural error, we must give due deference to the district court’s determination that the § 3553(a) factors, on a whole, justify the sentence.” Id. at 567-68 (internal quotation and citations omitted).
Levinson argues that the District Court’s new sentence was procedurally unreasonable because the Court improperly concluded that it was required, as a matter of law, to weigh the advisory Guidelines sentence more heavily than his individual characteristics. That is, Levinson argues that the case is analogous to Nelson v. United States, — U.S. —, 129 S.Ct. 890, 172 L.Ed.2d 719 (2009), which reaffirmed that a sentencing judge may not apply a presumption of reasonableness to sentences recommended by the Guidelines.
However, Levinson misconstrues the District Court’s statements regarding its analysis of § 3553(a)’s sentencing factors. Importantly, the Court expressly recognized that it must “consider all of the Section 3553(a) factors in determining a reasonable sentence.” App. at 41. The record as a whole clearly demonstrates that the Court did so. Specifically, it found that several factors supported a sentence below the Guidelines range, including Levinson’s good conduct while on probation, the extent to which he had already been punished, his slight risk of recidivism, and the passage of time. The Court then properly balanced those mitigating circumstances against the remaining § 3553(a) factors, including but not limited to the advisory Guidelines range, and concluded that the term of imprisonment imposed was appropriate. In fact, as the government argues, the very fact that the District Court imposed a sentence substantially below the advisory Guidelines range undermines Levinson’s claim that the Court afforded improper weight to the Guidelines.[2]
Levinson also argues that the District Court erred because it allegedly stated that the Sentencing Guidelines fully account for the individual history and characteristics of a defendant. However, the Court merely stated that the Guidelines reflect “the history and characteristics of the defendant insofar as the defendant’s criminal history goes,” App. at 41, and they in fact do so in the criminal history category component of the Guidelines calculation. More importantly, as described above, the District Court clearly considered Levinson’s individual characteristics and relied on those characteristics to impose a substantially below-Guidelines sentence.
In sum, the District Court appropriately responded to the procedural errors identified by this court in Levinson’s original sentencing proceedings and provided a complete, cogent, and reasonable explanation on the record of its reasons for imposing the new sentence on remand.
III.
For the above-stated reasons, we will affirm the sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

. Levinson also points to several statements made by the District Court in an order staying his commitment pending appeal to this court to support his argument that the Court placed improper weight on the Sentencing Guidelines. Assuming that these statements, which were made in an order issued after Levinson’s second sentencing hearing, are relevant to the procedural reasonableness of the sentence itself, they do not suggest that the District Court misunderstood its responsibilities under § 3553(a).