**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4360**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSE CANO-MARTINEZ,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00452-HEH-1)

───────────

Submitted: October 30, 2009      Decided: December 3, 2009

───────────

Before MICHAEL, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Dana J. Boente, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Cano-Martinez pled guilty without a plea agreement to one count of illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326 (2006), and was sentenced to 27 months in prison. Cano-Martinez's sole argument on appeal is that the district court's twenty-seven month sentence is substantively unreasonable because he asserts that it was greater than necessary to meet the purposes of sentencing. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, and "whether inside, just outside, or significantly outside the Guidelines range," this court applies a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 591 (2007). The court first must "ensure that the district court committed no significant procedural error." Id. at 597. Only if the sentence is procedurally reasonable can this court evaluate the substantive reasonableness of the sentence, again using the abuse of discretion standard of review. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In determining whether the district court committed any significant procedural error, this court looks to any failure in the calculation (or the improper calculation) of the Guidelines range, the treatment of the Guidelines as mandatory, the failure

2

to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009) factors, the selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence, including any deviation from the advisory Guidelines range. Gall, 128 S. Ct. at 597. This court applies an appellate presumption of reasonableness to a within-Guidelines sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Nelson v. United States, 129 S. Ct. 890, 892 (2009) (emphasizing that the presumption of reasonableness accorded a within-Guidelines sentence is an appellate court presumption rather than a presumption enjoyed by a sentencing court).

After reviewing the record and considering Cano-Martinez's arguments, we find that Cano-Martinez has not rebutted the presumption of reasonableness this court accords the district court's within-Guidelines sentence. See Allen, 491 F.3d at 193. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED