**UNITED STATES of America**

v.

**Kasim A. BOOKMAN, Appellant.**

**No. 08–3611.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 16, 2009.

Opinion filed: Feb. 9, 2010.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Esq., Office of United States Attorney, Camden, NJ, for United States of America.

Richard Coughlin, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: AMBRO, ALDISERT, and ROTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Kasim Bookman pled guilty to a single-count indictment charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The District Court sentenced Bookman to 75 months' imprisonment. He challenges that sentence on two grounds: (1) the Court committed procedural error by applying a presumption of reasonableness to the United States Sentencing Guidelines when determining his sentence; and (2) the Court's application of the 18 U.S.C. § 3553(a) sentencing factors was substantively unreasonable. We disagree and therefore affirm.

I.

On August 8, 2007, police officers were patrolling a high-crime area of Camden, New Jersey. While on patrol, the officers observed a disruptive crowd loitering at a street corner. They got out of their car and approached the crowd. One officer spotted Kasim Bookman placing his hands in the middle of his waistband, suggesting that he might be attempting to conceal a weapon. Bookman then began to flee. The officers ordered him to stop, but Bookman continued running. When he

was finally apprehended, the officers discovered a fully loaded (and operable) Smith & Wesson .38–caliber handgun in his waistband.

A federal grand jury subsequently charged Bookman in a single-count indictment for unlawful possession of a firearm by a convicted felon. Shortly thereafter, he pled guilty. At Bookman's sentencing hearing, the District Judge denied his motion for a downward departure, considered the relevant sentencing factors under 18 U.S.C. § 3553(a), and (as already noted) sentenced Bookman to 75 months' imprisonment. (The sentence also included three years of supervised release.) Seventy-five months in prison was within the advisory Guidelines range of 70–87 months. Bookman filed a timely notice of appeal.[1]

## II.

In imposing a sentence, the District Court must complete a three-step process. First, the Court must "correctly calculat[e] the applicable Guidelines range." *Gall v. United States,* 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The Guidelines serve as "the starting point and the initial benchmark." *Id.* From there, our "precedent instructs district courts to conduct a second step, which is to 'formally rule on the motions of both parties and state on the record whether [they are] granting a departure and how that departure affects the Guidelines calculation. . . .'" *United States v. Wise,* 515 F.3d 207, 216 (3d Cir.2008) (*citing United States v. Gunter,* 462 F.3d 237, 247 (3d Cir.2006)).

At step three, "after giving both sides the chance to argue for the sentences they deem appropriate, the court must exercise its discretion by considering all of the § 3553(a) factors and determining the appropriate sentence to impose." *Id.* at 216–17. Bookman's challenges are both related to this third step: first, that the District Court committed procedural error by presuming that a within-Guidelines sentence was reasonable; and second, that it imposed a substantively unreasonable sentence when it applied the § 3553(a) sentencing factors.

## III.

As an appellate court, we are aware of our limited role in the federal sentencing regime. Indeed, "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall,* 552 U.S. at 46, 128 S.Ct. 586. "As an appellate court, our role is two-fold." *Wise,* 515 F.3d at 217. First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

Second, we "consider the substantive reasonableness of the sentence imposed . . . ." *Id.* at 51, 128 S.Ct. 586. "For a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *United States v. Lessner,* 498 F.3d 185, 204 (3d Cir.2007). In this analysis,"[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise,* 515 F.3d at 218.

■ Turning first to Bookman's procedural argument, we conclude that the Dis-

---

1. The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over Bookman's challenge to his sentence under 18 U.S.C. § 3742(a) as well as 28 U.S.C. § 1291.

trict Judge did not presume that a within-Guidelines sentence was reasonable. *See Gall,* 552 U.S. at 50, 128 S.Ct. 586 (holding that a district judge "may not presume that the Guidelines range is reasonable"). In particular, we reject Bookman's argument that certain statements by the Judge violated *Nelson v. United States,* —— U.S. ——, 129 S.Ct. 890, 172 L.Ed.2d 719 (2009). In *Nelson,* the sentencing judge unambiguously presumed the reasonableness of the Guidelines, explaining to the defendant that "the Guidelines are considered *presumptively reasonable." Id.* at 891 (emphasis added). Despite Bookman's efforts to cherry-pick certain passages from the record to suggest reversible error, we reject his argument.

In this case, the record demonstrates that the Judge considered the Guidelines as merely advisory. She correctly stated, "I am to begin my analysis with the [G]uideline range and ... give weight to the advisory [G]uideline range of 70 to 87 months, and I will do that, but it will be *one* factor that I will consider...." App. 166 (emphasis added). The Judge added, "As the Supreme Court and the Third Circuit have stated, a within-[G]uidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range, and so I must consider the other factors that determine whether or not a sentence within the [G]uideline range is supported." *Id.* From there, the Judge considered each of the § 3553(a) factors and concluded that, given these factors in the context of this case, "a sentence within the [G]uideline range is reasonable." *Id.* at 167. Nowhere in the record is there any indication that she presumed the reasonableness of the Guidelines, as did the judge in *Nelson.*

 Because the District Judge committed no procedural error, we turn now to the substantive reasonableness of Bookman's sentence. He argues that the Judge misapplied the § 3553(a) sentencing factors and assigned insufficient weight to several mitigating factors, including his "motive for possessing the gun," the "nuances of [his] prior record," and "the history and characteristics of the offender." Appellant's Brief 19–21. We reject this argument.

The record demonstrates that the Judge considered each of the § 3553(a) sentencing factors in imposing her sentence and clearly articulated the dangers of a firearm in the hands of Bookman, given his criminal history and the surrounding context of his offense. This is a reasonable conclusion, even in light of various mitigating factors offered by Bookman and his argument that the Judge gave too much weight to U.S.S.G. § 2K2.1.[2] Although Bookman was only 22 years old when he committed the offense before us, he has been convicted multiple times for drug-related offenses (including the distribution of cocaine on school property), as well as aggravated assault with a firearm and providing false information to the police. In the current offense, Bookman was convicted of carrying a loaded firearm on the streets of Camden. Given Bookman's criminal record, it was certainly reasonable for the District Judge to worry about Bookman's "evolving progression of criminal conduct." *Id.* at 167.

\* \* \* \* \* \*

In this context, we hold that Bookman's sentence of 75 months was reasonable, and that the District Court did not abuse its discretion in imposing this within-Guidelines sentence. Hence we affirm.

---

2. U.S.S.G. § 2K2.1 is the Guideline governing the offense of felons in possession of firearms.