NIEMEYER, Circuit Judge,
concurring in part and dissenting in part:
I am pleased to concur in the portion of the majority’s opinion affirming Herder’s conviction and the forfeiture order in this case. I respectfully dissent, however, from the majority’s finding that the sentence is procedurally unreasonable. The finding rests on conclusions that: (1) the district court “did not understand that it had discretion to depart from the guide lines,” ante at 363; (2) when the district court “expressed its view that a within-guidelines sentence is appropriate,” it somehow improperly relied on the presumption of reasonableness prohibited by Nelson v. United States, — U.S. -, -, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009), ante at 363; and (3) the district court “imposed sentence before it could hear arguments on the important factors to consider pursuant to 18 U.S.C. § 3553(a),” ante at 363.
I disagree with each of these conclusions, and the record, I submit, provides no support for them.
The presentence report, as amended, provided that Herder was subject to an offense level of 20 and a criminal history category of III, resulting in a recommended Guidelines sentencing range of 41 to 51 months’ imprisonment. These calculations took into account the Sentencing Guidelines’ Amendment 706, which reduced the offense level for crack cocaine offenses by two levels.
Prior to sentencing, Herder submitted a thorough sentencing memorandum to the district court in which he devoted over six pages to arguing that even the amended crack/powder ratio in the Sentencing Guidelines did not appropriately serve the sentencing factors in 18 U.S.C. § 3553(a). He argued that while Amendment 706 “significantly softened the disparity between powder and crack,” reducing it from a 100 to 1 ratio to a 67 to 1 ratio in this case, the amendment still left large ratios that “punish crack at a disproportionate and unwarranted level as compared to powder.” He asserted that his own circumstances presented a “textbook example of this disparate treatment” and that the punishment recommended by the Sentencing Guidelines was “considerably greater than that called for with an equivalent amount of powder cocaine.”
At the sentencing hearing, counsel for Herder repeated the argument, again “not[ing] that Your Honor’s free to disregard the guideline range in assessing the 3553(a) factors.”
After also hearing from the government, the district court then concluded:
Well, I find the guideline factors in this case to be properly assessed at a range of 41 to 51 months, but because of the financial condition of the defendant, the imposition of any fine or cost is not warranted.
I find that the low end of the guideline range here would meet the requirements of the 3553 factors.
*366 The court then sentenced Herder to 41 months’ imprisonment, the low end of the recommended range.
After sentencing, counsel for Herder again raised the crack/powder issue: “I don’t mean to indicate that I didn’t say this before, but this is the type of case that Kimbrough v. United States envisions where there’s a grave disparity between the crack guideline and the powder guidelines.” The court responded that it had “already taken that into consideration.” Finally, when counsel for Herder again complained that the Guidelines had established a 67 to 1 ratio between crack and powder, the court replied, “I understand that. Congress has decided that that’s an appropriate ratio to establish.”
Nothing in this scenario suggests that the court did not understand its discretion to impose a sentence below the Guidelines. Indeed, the entire dialogue between the court and Herder presumed that the court had the discretion to depart downward. Nor is there anything to indicate that the court rested its sentencing decision on a presumption of reasonable ness. To the contrary, it found that the § 3553(a) factors were served by a sentence at the low end of the Guidelines range. Finally, before sentencing, the court considered Herder’s fully stated arguments, advanced on paper and orally, that the court rely on the § 3553(a) factors to depart from the Guidelines. The district court simply did not accept the argument. Nowhere did the court ever suggest that it did not have the authority to depart or that it was resting on a presumption of reasonableness. Moreover, the court’s response to Herder’s complaint about the 67 to 1 ratio was that that ratio was one that Congress had picked.
Thus, every basis that the majority opinion advances for its finding of procedural unreasonableness is belied by the record. Indeed, because the record affirmatively indicates a contrary finding, a district court might well conclude that it is our opinion that is procedurally unreasonable.