# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2010

Lyle W. Cayce
Clerk

No. 09-20704
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERMAN AGUILAR SEVILLA, also known as German S. Aguillar, also known as Hancy Sevilla, also known as Herman Sevilla Aguilar, also known as German Sevilla Aguillar, also known as German Aguilar-Sevilla, also known as German S. Aguilar, also known as Carlos Munoz, also known as Jose Americar, also known as German Aguilar, also known as German Sevilla Aguilar,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-163-1

Before HIGGINBOTHAM, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

German Aguilar Sevilla pleaded guilty of illegal reentry following deportation and he has appealed his sentence, which involved an upward departure from the advisory guidelines sentencing range. Sevilla argues that "the district court committed a procedural error in equating the factors applied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the sentencing guidelines with the sentencing factors set forth in 18 U.S.C. § 3553(a)." Sevilla contends that the district court considered the Guidelines only in determining the sentence, and that it failed to consider the other § 3553(a) factors. He contends, "[b]y finding that the sentencing guidelines sentencing factor encompassed all seven of the statutory sentencing factors under § 3553(a), when the sentencing guidelines are but one of the seven § 3553(a) factors, the district court presumed that the Guidelines range was a reasonable sentence under § 3553(a)." Because Sevilla's arguments were not raised below in such a manner so that the district court could correct itself, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Sevilla argues correctly that the district court may not apply a presumption of correctness to the advisory guidelines sentence. *See Nelson v. United States*, 129 S. Ct. 890, 892 (2009). "Instead, the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors." *Id.* at 891-92; *see also Gall v. United States*, 552 U.S. 38, 49-50 (2007).

In stating that the guidelines "adequately address[ed] all statutory sentencing factors," the district court did not expressly apply a presumption of correctness to the guidelines sentence, and there is no basis for concluding that it did so. The record reflects that the district court departed upward from the advisory guidelines range after expressly giving consideration to Sevilla's criminal history and individual characteristics. *See* § 3553(a)(1). The court noted specifically that Sevilla had many more criminal history points than were necessary to attain Criminal History Category VI, that several of Sevilla's prior convictions had involved violent offenses, and that there were several unscored offenses. The court noted that Sevilla had been deported numerous times. Thus, the district court implicitly considered the seriousness of the offense and the need for the sentence to promote respect for the law, to provide just punishment

No. 09-20704

for the offense, to deter additional criminal conduct, and to protect the public from further crimes. *See* § 3553(a)(2). In determining the extent of its departure, the district court properly considered incremental steps along the sentencing table. *See* U.S.S.G. § 4A1.3(a)(4)(B). Sevilla has not shown that the district court committed any error, plain or otherwise, in determining the sentence. *See Mondragon-Santiago*, 564 F.3d at 361. Accordingly, the judgment of the district court is AFFIRMED.