**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4782**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KIMARIO JERROD SIMMONS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  C. Weston Houck, Senior District Judge.  (2:11-cr-02114-CWH-1)

---

Submitted:  July 24, 2013      Decided:  August 13, 2013

---

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael Chesser, Aiken, South Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant United States Attorney, Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Kimario Jerrod Simmons of possessing a firearm after sustaining a prior conviction for an offense punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Simmons to fifty-seven months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence was reasonable. Simmons filed a supplemental pro se brief raising additional issues.[*] Finding no error, we affirm.

Counsel questions whether the sentence is procedurally reasonable, arguing that the district court implicitly presumed the advisory Guidelines to be reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a)

---

[*] We have thoroughly considered the arguments raised in Simmons' pro se supplemental brief and conclude that they lack merit.

[(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

Although a sentencing court may not apply a presumption of reasonableness to the advisory Guidelines, see Nelson v. United States, 555 U.S. 350, 352 (2009), we will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED