[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10491
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20705-KMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANGEL OROBIO ESTACIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 29, 2018)

Before ROSENBAUM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Luis Angel Orobio Estacio appeals his 135-month concurrent sentences for conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b), and possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2.  He argues his sentences were substantively unreasonable because the 120-month minimum sentence would have provided effective deterrence and similarly situated defendants have received a downward variance to the statutory minimum.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party challenging the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the

2

history and characteristics of the defendant. *Id.* § 3553(a)(1). Additionally, the court must consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. *Id.* § 3553(a)(6).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The district court may not apply a presumption of reasonableness to the sentencing guideline range and must actually consider the relevant statutory factors. *Nelson v. United States*, 555 U.S. 350, 352 (2009). However, the district court need not discuss each individual factor on the record. *Irey*, 612 F.3d at 1194-95. Rather, it is sufficient for the district court to acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *Id.* We will vacate a sentence only if the district court "committed a clear error in judgment in weighing the § 3553(a) factors." *Id.* at 1190.

Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be

reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed at the bottom of the guideline range and well below the statutory maximum penalty further indicates reasonableness. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016) (holding the sentence was reasonable in part because it was well below the statutory maximum); *United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015) (considering a sentence being "at the very bottom" of the guideline range a factor indicating reasonableness). While a district court may use its discretion to grant a downward variance from the guideline range, it has no obligation to do so. *Carpenter*, 803 F.3d at 1235.

Here, Estacio's guidelines range was 135-160 months. Estacio argues that the presentencing investigation report ("PSR") noted that similar defendants received a downward variance to the statutory minimum sentence of 120 months and asserts that he should have received such a sentence. He further contends that a 120-month sentence would provide the same level of deterrence as the 135-month sentence the court imposed.

We cannot say that the district court's sentence was substantively unreasonable. Though the PSR mentioned that similar defendants have received 15-month downward variances, neither the PSR nor Estacio provided specific information about any similarly situated defendants who received the statutory minimum sentence. And before sentencing Estacio, the district court had already

sentenced one of his similarly situated codefendants to 135 months' imprisonment. So Estacio's sentence was not disparate with the only similarly situated individual specifically identified.

As for Estacio's argument that 120 months would have provided sufficient deterrence, the district court concluded that the offense conduct was serious, and the sentence would provide both sufficient deterrence *and* punishment.

In short, the district court did not impose a substantively unreasonable sentence when it sentenced Estacio to 135-month concurrent sentences at the bottom of the guideline range because it considered deterrence along with the other § 3553(a) factors, such as the seriousness of the offense, and Estacio did not provide proof of similarly situated defendants receiving a downward variance to the 120-month statutory minimum.

**AFFIRMED.**