[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11124
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00343-VMC-AAS-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

EMVORY BURTON,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2018)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Emvory Burton appeals his 151-month sentence for possession with intent to distribute cocaine base.  Burton argues that his sentence is procedurally unreasonable because the District Court erroneously afforded the United States Sentencing Guidelines ("Guidelines") a presumption of reasonableness and because the Court failed to respond to two of his arguments for a downward variance under 28 U.S.C. § 3553(a).

We review the procedural reasonableness of a criminal sentence for abuse of discretion.  *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009) (citation omitted).

We hold that the District Court abused its discretion by applying a presumption of reasonableness to the Guidelines and thus vacate Burton's sentence and remand this case for rehearing and resentencing.[1]  Because we write for the

---

[1] Burton offers two other arguments on appeal.

He argues that the District Court erred by designating him a career offender because his two prior convictions under Florida Statute 893.13 are not "controlled substance offenses" within the meaning of § 4B1.1 of the Guidelines.  The argument goes that because Florida law treats his prior convictions as strict-liability offenses, and thus requires no mens rea, the offenses cannot constitute offenses under § 4B1.1.  Our precedent forecloses that argument.  *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that Florida Statute § 893.13(1) constitutes a "controlled substance offense" as defined in § 4B1.2(b), which in turn defines the same for purposes of § 4B1.1).  We are bound by prior panel precedent unless and until that holding is overruled *en banc* or by the Supreme Court.  *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

He also argues that the District Court erred by comparing his criminal history to that of a defendant who had, the same day, appeared before the Court for sentencing.  Because this precise circumstance is unlikely to arise at rehearing and resentencing, we do not address the argument on appeal.

2

parties and for the District Court, we set out facts only as they are needed to support our analysis.

## I.

Burton argues that the District Court abused its discretion by affording a presumption of reasonableness to the Guidelines. We agree.

The Guidelines are "merely 'the starting point and the initial benchmark'" for a sentence. *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007)). For that reason, a sentencing court "may not apply a 'presumption of reasonableness' to the Guidelines range." *United States v. Carpenter*, 803 F.3d 1224, 1233 (11th Cir. 2015) (quoting *Nelson v. United States*, 555 U.S. 350, 352, 129 S. Ct. 890, 892 (2009) (per curiam)). The court may, however, "determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors." *United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006).

The District Court here made two statements during the sentencing hearing that indicate that it viewed the Guidelines as presumptively reasonable:

- "[T]he Eleventh Circuit tells me that a sentence within the guidelines is deemed a fair and just and appropriate sentence, but that we have the authority to depart upwards, downwards, and most certainly have the

authority—and, I would say, also the obligation to do the right thing, which I take it very seriously."

- "I note that [the imposed sentence is] within the guidelines, which is determined to be by the Eleventh Circuit reasonable as long as the Court looks at it and determines that a departure is not necessary, and that's what I've done."

The Government offers three responses, none of which we find persuasive.

As to the first statement, the Government argues that the District Court did not abuse its discretion because the Court considered all of the § 3553(a) factors. The Government's logic is mistaken. What a court considers says nothing about the lens through which that consideration occurs. Said differently, what matters is not just the factors that go into the sentencing hopper but how those factors are weighed. That this Court deferentially reviews a sentence but requires the sentencing court to impose sentences without any attendant presumption is a way of placing faith in the sentencing court, as the hearer of the matter in the first instance, so long as the court is truly exercising *its* discretion, not that of the Guidelines.

The Government also argues that the District Court did not error because the Court recognized its authority to depart from the Guidelines. Again, however, a

4

court's recognition of its ability to depart says nothing about how much deference it should apply to the Guidelines, if any, before it does so.

As to the second statement, it argues that the District Court's mere recognition of this Court's deference to the Guidelines does not indicate that the District Court itself applied any presumption of reasonableness. But language and logic are intricately connected. It would be odd for the District Court to discuss this Court's deference if that deference did not somehow affect the manner in which the District Court envisioned its role at sentencing.

We of course recognize that sentencing occurs in real time and that the sentencing judge speaks extemporaneously into a record. For that reason, we do not vacate every sentence when the record contains "some statements that could be interpreted as presumptions in favor of the Guidelines." *See Hunt*, 459 F.3d at 1185. But here, the record does not indicate that the District Court's deference to the Guidelines was specific to Burton's case. *Cf. id.* at 1185–86 (upholding a sentence as procedurally reasonable when the judge explained his "practice to follow the Sentencing Guidelines unless [he is] shown that there's some good reason not to" because he twice referenced the proper weight to give to the Guidelines "*in [that] particular case*" (alteration omitted)).

5

## II.

Burton also argues that the District Court erred by failing to adequately respond to two of his arguments for a variance under § 3553(a).

He urged the Court to vary downward because when he entered his guilty plea, both he and the Government operated under the assumption that he would not be sentenced as a career offender. At the time, one of Burton's prior convictions was not listed on the report available to the parties. This discrepancy increased his sentence perhaps five-fold between what he would have received as a non-career offender and what the Government ultimately recommended.[2]

He also urged the District Court to vary downward because his qualifying convictions were controlled substance offenses, not crimes of violence. Burton pointed to a 2016 report by the Sentencing Commission that finds that those persons convicted of the former offenses are less likely to reoffend than those convicted of the latter offenses and thus recommended that Congress amend the career-offender directive, *see* 28 U.S.C. § 994(h), to treat the former less harshly.

We do not address this set of arguments because the District Court on remand has a new opportunity to address the reasons for its selected sentence. At

---

[2] Before the conviction became known, the Guidelines called for a sentence of between 30 and 37 months. With knowledge of the conviction, however, the range increased to between 151 and 188 months, with the Government recommending the lowest end of that range.

the hearing, we encourage the Court to further explain whether these arguments merit a downward variance under § 3553(a).

## III.

We doubt neither that the District Court recognized the gravity of its duty when imposing Burton's sentence nor that it gave the matter anything less than its careful attention.  But our review of a sentence requires not the Court's earnestness but its reasoning.  When reviewing for abuse of discretion, reasoning is all that we have to guide our analysis.  Without the reasoning, then, we cannot ensure that the sentence imposed conforms with what the law requires—reasoned consideration of arguments fashioned with an eye toward the statutorily enumerated factors under § 3553(a).  We accordingly **VACATE** Burton's sentence and **REMAND** to the District Court for rehearing and resentencing.

**SO ORDERED.**