*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 3, 2022

Plaintiff-Appellee,

v

No. 358400
Kent Circuit Court
LC No. 17-005065-FC

ANDY GONZALEZ,

Defendant-Appellant.

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

On May 5, 2017, defendant shot D'Andre Bullis and Manuel Villarreal outside a barber shop. Bullis died of his injuries. Defendant was convicted after a jury trial of second-degree murder, MCL 750.317; assault with intent to murder (AWIM), MCL 750.83; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a third-offense habitual offender, MCL 769.11, to serve concurrent prison terms of 787 months to 100 years for the murder conviction, 420 months to 100 years for the AWIM conviction, and 375 days for the felon-in-possession conviction, with a consecutive two-year sentence for the felony-firearm conviction.

On appeal, this Court affirmed defendant's convictions, but remanded the case to the trial court for resentencing before a different judge, finding that the trial court improperly sentenced defendant at the top of the minimum sentencing guidelines because defendant chose to proceed to trial rather than enter into a plea agreement. *People v Gonzalez*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2020 (Docket No. 344076), pp 1, 8. On remand, the trial court sentenced defendant to concurrent prison terms of 420 to 630 months for the murder conviction, 300 to 450 months for the AWIM conviction, and 80 to 120 months for the felon-in-possession conviction, with a consecutive two-year sentence for the felony-firearm conviction. Defendant now appeals, again challenging his sentence. We affirm.

## I. REASONABLENESS OF SENTENCE

Defendant challenges as disproportionate his sentence for second-degree murder of 420 months to 630 months, the minimum of which falls within the recommended range under the sentencing guidelines. "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted). A sentence that is proportionate to the seriousness of the circumstances surrounding the offense and the offender is reasonable. *People v Odom*, 327 Mich App 297, 305; 933 NW2d 719 (2019). Although the sentencing guidelines are now advisory only, "they remain a highly relevant consideration," and trial courts must continue to consult them. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). Because the sentencing guidelines "embody the principle of proportionality," *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017), a sentence within the guidelines range is presumed proportionate and thus reasonable. *Odom*, 327 Mich App at 315.

Because a sentence within the sentencing guidelines is presumed proportionate and therefore reasonable, this Court is required to review for reasonableness only sentences that depart from the recommended minimum sentencing range of the guidelines. *People v Anderson*, 322 Mich App 622, 636 n 34; 912 NW2d 607 (2018). Rather, under MCL 769.34(10)[1] we must affirm sentences within the guidelines unless there was an error in the scoring of the guidelines or the trial court relied upon inaccurate information when sentencing the defendant, *Anderson*, 322 Mich App at 636, or absent a constitutional challenge. See *People v Posey*, 334 Mich App 338, 357; 964 NW2d 862 (2020).

In this case, the trial court determined the applicable guidelines range for defendant's conviction of second-degree murder, considering defendant as a third-offense habitual offender, MCL 769.11, to be 315 months to 787 months. The trial court then sentenced defendant to 420 to 630 months for his conviction of second-degree murder. Defendant's minimum sentence was within the guidelines, and thus is presumed proportionate and therefore reasonable. Accordingly, we must affirm defendant's sentence. See MCL 769.34(10).

---

[1] MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

Defendant argues that MCL 769.34(10) is no longer valid in light of *Lockridge*, 498 Mich 358. In that case, the Michigan Supreme Court stated that "[t]o the extent that any part of MCL 769.34 or another statute refers to use of the sentencing guidelines as mandatory or refers to departures from the guidelines, that part or statute is . . . severed or struck down as necessary." *Id*. at 365 n 1. However, this Court has since held that *Lockridge* "did not alter or diminish MCL 769.34(10)." *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). MCL 769.34(10) thus remains dispositive of this issue.

Defendant also challenges the propriety of an appellate presumption that sentences within the advisory guidelines are proportionate, relying upon *Nelson v United States*, 555 US 350, 352; 129 S Ct 890; 172 L Ed 2d 719 (2009). In *Nelson*, the United States Supreme Court, discussing federal sentencing guidelines, admonished that "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Id*. In *Nelson*, however, the Court considered whether a trial court could presume that a guidelines sentence was reasonable, and concluded that "[o]ur cases do not allow a *sentencing* court to presume that a sentence within the applicable Guidelines range is reasonable," and that it was error for the *sentencing judge* to "apply a presumption of reasonableness" to the guidelines range. *Id*. (emphasis added). The *Nelson* Court distinguished the sentencing court's presumption from a presumption of reasonableness applied by appellate courts. *Id.*

We also find unpersuasive defendant's argument that his sentence is unreasonable because the trial court failed to adequately consider his youth at the time of the offense. Defendant urges an extension of *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012), in which the United States Supreme Court concluded that mandatory life-without-parole sentences for juveniles constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. This Court has stated that "a failure to consider the distinctive attributes of youth, such as those discussed in *Miller*, when sentencing a minor to a term of years pursuant to MCL 769.25a, so undermines a sentencing judge's exercise of his or her discretion as to constitute reversible error." *People v Wines*, 323 Mich App 343, 352; 916 NW2d 855 (2018), rev'd in part on other grounds 506 Mich 954 (2020). We note, however, that although the parties' respective briefs both state that defendant was 20 years old at the time he committed the subject crime, the record indicates that the crime occurred May 5, 2017, and that defendant was born November 20, 1994. At slightly beyond 22 years and 5 months old, defendant was not a juvenile at the time he shot the two victims. Defendant's reliance on cases concerning juvenile offenders is thus misguided.[2]

## II. HABITUAL OFFENDER

Defendant was sentenced as a third-offense habitual offender, MCL 769.11, because he had two prior felony convictions, having previously pleaded guilty to manufacture and delivery of

---

[2] We also observe that the sentencing court explicitly addressed the pertinent sentencing considerations, including defendant's youth as it related to his potential for rehabilitation and deterrence as part of the circumstances surrounding the offense and the offender.

a controlled substance and carrying a concealed firearm. Defendant contends that because the previous offenses occurred during one transaction, they should be counted as one offense for purposes of the habitual-offender statute. We disagree.

Defendant did not raise this objection below, thus failing to preserve this issue. We review unpreserved issues for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted only if plain error resulted in the conviction of an innocent defendant, or if the "error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks, alteration, and citation omitted).

MCL 769.11(1) provides, in relevant part:

> If a person has been convicted of any combination of 2 or more felonies or attempts to commit felonies, . . .and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under [MCL 769.13].

Multiple convictions arising from the same criminal transaction are counted as separate convictions for purposes of habitual-offender enhancement under MCL 769.11(1). *People v Gardner*, 482 Mich 41, 44; 753 NW2d 78 (2008). "The unambiguous statutory language directs courts to count each separate felony conviction that preceded the sentencing offense, not the number of criminal incidents resulting in felony convictions." *Id*. The trial court in this case therefore did not err when it counted defendant's two felony convictions resulting from one criminal incident as two felonies for purposes of MCL 769.11(1).

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher P. Yates

-4-