**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4750**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL DALE HONEYCUTT,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:06-cr-00031-LHT-8)

Submitted: July 23, 2009        Decided: March 4, 2010

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dale Honeycutt pled guilty pursuant to a written plea agreement[*] to one count of conspiracy to manufacture and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to 168 months in prison. Honeycutt timely appeals.

Counsel for Honeycutt filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in applying a presumption of reasonableness to the range of imprisonment prescribed by the guidelines. In addition, Honeycutt has filed a pro se brief. Finding no reversible error, we affirm.

Honeycutt contends that the district court's language at the plea colloquy advising him that "in some circumstances" the court could impose a sentence that differed from the range prescribed by the sentencing guidelines indicated that the district court improperly applied a presumption of reasonableness to the guidelines sentencing range. Such a

---

[*] Honeycutt's plea agreement contained a waiver of appellate rights. However, because the Government does not invoke the waiver, we decline to enforce it. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (where Anders brief is filed, "the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review").

presumption may not be applied by the sentencing court. Rita v. United States, 551 U.S. 338, 351 (2007); see also Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall v. United States, 552 U.S. 38, 50 (2007). We conclude that the phrase emphasized by counsel, whether considered in isolation or in the totality of the district court's statements at the Rule 11 plea hearing and at sentencing, does not show that the district court applied a presumption of reasonableness.

We have reviewed Honeycutt's pro se supplemental brief and find no merit to his claim. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Honeycutt, in writing, of the right to petition the Supreme Court of the United States for further review. If Honeycutt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Honeycutt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3