[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2010
JOHN LEY
CLERK

No. 09-13712
Non-Argument Calendar
_____

D. C. Docket No. 08-00189-CR-TWT-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 21, 2010)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Mark Green was sentenced to 175 months imprisonment after pleading guilty to one count of conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(vii), and two counts of possession with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii), and 18 U.S.C. § 2.  He contends that his sentence, which was within the Guidelines range, was procedurally and substantively unreasonable.

## I.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  First, we must " 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.' "  Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007)).  If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances, "including the extent of any variance

2

from the Guidelines range." Gall, 552 U.S. at 51, 128 S.Ct. at 597. If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("After Booker, our ordinary expectation [of reasonableness] still has to be measured against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)."); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting Talley, 431 F.3d at 788)).

As for procedural error, Green does not contend that the district court improperly calculated the sentencing guidelines or treated them as mandatory. Instead, he argues that the district court improperly presumed that a sentence within the Guidelines range was reasonable. See Nelson v. United States, 129 S.Ct. 890, 892 (2009) ("[A] sentencing court [may not] presume that a sentence within the applicable Guidelines range is reasonable."). We disagree. Before imposing its sentence, the district court stated: "I think the guidelines result in a guideline range that is fair and reasonable considering all the circumstances of the

case, including Mr. Green's relative culpability with his co-Defendants . . . ." It is clear, based on that statement, that the district court did not presume that a sentence within the guidelines range was reasonable but instead calculated Green's Guidelines range and then considered the § 3553(a) factors to determine an appropriate sentence. See 18 U.S.C. § 3553(a)(1) (court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); 3553(a)(6) (court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); see also Nelson, 129 S.Ct. at 891–92. Nor did the district court base its sentencing decision on clearly erroneous facts or fail to adequately explain its sentence. Accordingly, we conclude that no procedural error occurred.

Green also challenges the substantive reasonableness of his sentence. He argues that an unwarranted disparity exists between his 175 month sentence and the sentences of his co-defendants. We disagree. Green had a more extensive criminal history than his co-defendants and, unlike many of his co-defendants, did not enter into a plea agreement with the government. He has not shown that the difference between his sentence and the sentences of his co-defendants was

unwarranted.  See <u>United States v. Williams</u>, 526 F.3d 1312, 1323 (11th Cir. 2008).

**AFFIRMED.**