# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

No. 09-50941
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PABLO SILVA-GAYTAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-169-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Silva-Gaytan (Silva) appeals a 46-month within-guidelines sentence imposed following his guilty plea for illegal re-entry after deportation, a violation of 8 U.S.C. § 1326(a). During the sentencing hearing, the district court stated that "the Sentencing Commission and Congress made a determination" that Silva's prior alien transportation offense "justified a 16-level" increase in his offense level. Further, the court stated, "I don't believe it's the place of the Court to second guess those determinations." Silva contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this statement shows the district court treated the Sentencing Guidelines as mandatory.

Because Silva failed to preserve the issue with an objection in the district court, we review his claim for plain error only.[1]  To demonstrate plain error, Silva must show a forfeited error that is clear or obvious and that affects his substantial rights.[2]  If he makes such a showing, this court has the discretion to remedy the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[3]

Here, the district court made no obvious error.  It is true, as appellant points out, that the Guidelines are not mandatory and are only one factor to consider during sentencing.[4]  Further, a district court should not presume the Guidelines are reasonable.[5]  However, the court in this case did not act as though the Guidelines were mandatory.  While the court chose not to "second guess" the Guidelines, it also found that "policy reasons obviously support" the decision of Congress and the Sentencing Commission to recommend a 16-level enhancement for a prior alien transportation offense.  In addition, the district court concluded the Guidelines were "appropriate" for Silva in light of the factors enumerated in 18 U.S.C. § 3553(a).  The court specifically noted that Silva was intelligent and with "a good family," yet he did not "regard our immigration laws as laws that he needs to obey."  The court's consideration of these other factors

---

[1] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 192 (2009).

[2] *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[3] *Id.* (internal citations omitted).

[4] *Gall v. United States*, 532 U.S. 38 (2007).

[5] *Nelson v. United States*, 129 S. Ct. 890, 892 (2009) (per curiam).

demonstrates that it did not err in presuming the Guidelines to be mandatory or reasonable.[6]

Even if Silva could establish that the district court treated the Guidelines as mandatory, he cannot show that this error affected his substantial rights. The district court never expressed a desire to sentence Silva to anything less than 46 months.  It found that Silva "deserves a bottom of the guideline sentence."  Thus, Silva cannot show "a reasonable probability that, but for the district court's error," he "would have received a lower sentence."[7]

AFFIRMED.

---

[6] *See United States v. Mauskar*, 557 F.3d 219, 236 (5th Cir. 2009), *cert. denied* 129 S. Ct. 2756 (finding the district court did not treat the Guidelines as mandatory where the court explicitly declined to impose a below-Guidelines sentence in reliance on the factors set forth in 18 U.S.C. § 3553(a)).

[7] *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).