08-3240-cr
USA v. Davis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand ten.

PRESENT:  AMALYA L. KEARSE,
          ROBERT D. SACK,
          GERARD E. LYNCH,
                              *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                              *Appellee,*

          v.                                      No. 08-3240-cr

CHARLES A. DAVIS,

                              *Defendant-Appellant.*

----------------------------------------------------------------------

FOR APPELLANT:          Alexander Bunin, Federal Public Defender, James P. Egan and James F. Greenwald, Assistant Federal Public Defenders, Office of the Federal Public Defender, Syracuse, New York.

FOR APPELLEE:           Paul D. Silver and Lisa M. Fletcher, Assistant United States Attorneys, of counsel, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York

(Norman A. Mordue, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the sentence, entered on June 26, 2008, is AFFIRMED.

Defendant-appellant Charles Davis ("Davis") pleaded guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court imposed a sentence of ninety-seven months' imprisonment, the bottom of the applicable Guidelines range. On appeal, Davis argues (1) that the district court committed procedural error by treating the Guidelines as presumptively reasonable, and (2) that his sentence was substantively unreasonable due to his poor health and the fact that he only possessed – rather than created or distributed – the pornography. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

## DISCUSSION

### I. Procedural Reasonableness

In pronouncing Davis's sentence, Judge Mordue stated that he "s[aw] no reason to deviate from the ranges that are set forth in the Sentencing Guidelines." Davis would have us treat this remark as proof that the sentencing judge improperly viewed the Guidelines as presumptively reasonable. See Rita v. United States, 551 U.S. 338, 351 (2007); see also Nelson v. United States, 129 S. Ct. 890, 892 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable."). Because Davis raises this argument for the first time on appeal, our review is for plain error.

2

See United States v. Brennan, 395 F.3d 59, 71 (2d Cir. 2005).

While sentencing judges "may not presume that the Guidelines range is reasonable," Gall v. United States, 552 U.S. 38, 50 (2007), Judge Mordue's statement was "nothing more than a proper reminder that the Guidelines serve as 'a benchmark or a point of reference or departure for the review of sentences,'" United States v. Hendry, 522 F.3d 239, 242 (2d Cir. 2008), quoting United States v. Rattoballi, 452 F.3d 127, 133 (2d Cir. 2006). The comment was the functional equivalent of, "I see no reason to give a lower sentence than ninety-seven months," which unquestionably would have been permissible.

Furthermore, Judge Mordue clearly understood the scope of his discretion. At sentencing, he stated:

> I have reviewed and I have considered all the pertinent information, including, but not limited to, the Presentence Investigation Report, the addendum, the submissions by counsel and the factors that are outlined in 18 U.S.C. § 3553(a) . . . . I have considered all the submissions by the attorneys, too, and their arguments.

Thus, far from reflexively binding himself to the applicable Guidelines range, Judge Mordue considered all relevant factors before concluding that there was no sound basis for imposing a prison term shorter than ninety-seven months. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005). We therefore find no procedural error, let alone

plain error, in Davis's sentence.

**II. Substantive Reasonableness**

Davis raised his substantive reasonableness claims below.  Therefore, our review is for abuse of discretion.  United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009).  "[T]he substantive determination of a District Court will be set aside only in those special cases where the range of permissible decisions does not encompass the District Court's determination."  Id.

Davis first argues that his "health issues" and "advanced age" of fifty-seven entitled him to the mandatory minimum sentence of five years, rather than the ninety-seven months imposed.  "The weight to be afforded [such considerations] is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006).  Although we are sympathetic to Davis's health problems, he has not demonstrated that this case falls outside of "the overwhelming majority of cases" in which a Guidelines sentence is "comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  Id. at 27.

Similarly, there is no merit to Davis's argument that he is entitled to a below-Guidelines sentence because he "merely received and possessed child pornography," and "did not distribute or trade it."  In fact, the Guidelines already provided Davis with a two-level decrease in his offense level because his "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2(b)(1)

(2008).  Davis provides no evidence that further reduction was warranted, let alone required.

Under these circumstances, we will not "substitute our own judgment for the district court's on the question of what is sufficient," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008), and we therefore reject Davis's substantive unreasonableness claims.

**CONCLUSION**

We have considered all of Davis's contentions on this appeal and have found them to be without merit.  For the foregoing reasons, Davis's sentence is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court