**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30049 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00049-RRB-2 |
| v. | |
| RODOLFO L. LASTIMOSA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted December 9, 2010[**]
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and MOSKOWITZ,
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

Rodolfo Lastimosa was convicted of drug conspiracy, distribution of methamphetamine, attempt to possess and distribute methamphetamine, and possession with intent to distribute methamphetamine under 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c). He appeals his sentence of 66 months.

The Sentencing Guidelines require district courts to consider as relevant conduct "drug amounts from acts outside the offense of conviction, so long as they 'were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Grissom*, 525 F.3d 691, 697-98 (9th Cir. 2008) (quoting U.S.S.G. § 1B1.3(a)). The district court did not clearly err when it attributed to Lastimosa as relevant conduct four packages of methamphetamine sent to his workplace. Lastimosa's argument that the packages cannot be considered relevant conduct because there was no finding or evidence that he was part of the conspiracy at the time the packages were shipped in 2007 is without merit. The jury was explicitly instructed that the conspiracy count related to conduct beginning in 2006, and after hearing testimony that Lastimosa had been regularly selling methamphetamine since 2006, it convicted Lastimosa on this count. The fact that the packages were sent to Lastimosa's workplace during the operation of the conspiracy and packaged similarly to other drug shipments found

2

to be attributable to the conspiracy was sufficient to allow them to be reasonably deemed relevant conduct by a preponderance of the evidence. *See U.S. v. Restrepo*, 946 F.2d 654, 661 (9th Cir. 1991); U.S.S.G. § 1B1.3 cmt. n. 9.

Furthermore, even if we assume that it was error to consider the four packages as relevant conduct, any such error was harmless. The district judge adjusted Lastimosa's sentence downward from the otherwise applicable Guideline range in consideration of Lastimosa's argument that the packages were not attributable to him. As a result, the sentence actually imposed on Lastimosa corresponded with a base offense level 24, which would have been the correct base offense level had the drug quantity calculation excluded the disputed packages and considered only the 1.8 grams of methamphetamine and 3.92 grams of actual methamphetamine urged by Lastimosa. U.S.S.G. § 2D1.1(c)(8); *id.* at n. 10(B), n. 10(E). Given the district judge's reasonable decision to sentence Lastimosa to more time than the 63 months imposed on Seludo, Lastimosa's sentence would not have been any shorter even had the judge used an offense level of 24 as his starting point. Therefore, any error in the offense level calculation was harmless. *See United States v. Cantrell*, 433 F.3d 1269, 1280 n.4 (9th Cir. 2006) (offense level calculation errors are harmless if "the district court could-and would-impose the same sentence" regardless of the error) (internal quotation and citation omitted).

The district court did not err by not directly addressing Lastimosa's argument that the correctly-calculated criminal history category assignment of III overstated his criminal history. The district judge indicated that he was aware of Lastimosa's argument as presented in his sentencing memorandum, and he listened to Lastimosa's attorney reiterate it at the sentencing hearing. When sentencing Lastimosa, the judge found that he "remain[ed] a threat to the community," which is a consideration underlying whether a downward departure from a criminal history category is appropriate, *see* U.S.S.G. § 4A1.3(b)(1). The judge then simply found a criminal history category of III to be appropriate. The "context and record" in this case provided an adequate explanation for the judge's decision, and he need not have said more, especially when the criminal history category assignment accorded with the Guidelines. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007); *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009) (district court did not err by not specifically explaining why it rejected defendant's arguments for lower sentence); *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009).

There is no indication that the district judge improperly presumed that the Sentencing Guidelines were reasonable in contravention of *Nelson v. United States*, 129 S. Ct. 890, 892 (2009). To the contrary, after initially accepting the Guideline

4

determination as outlined in the PSR, the judge noted that "[t]he guidelines are just advisory, they no longer are mandatory, so I have to come up with a sentence that is fair and appropriate under the circumstances." He then chose a sentence 12 months below the Guideline range based on other factors, particularly the need to be consistent with Seludo's sentence for the same offenses. It is true that the judge then adjusted his Guideline determination downward so that it would fit his chosen sentence, rather than simply imposing the sentence as a downward departure from the correctly-determined Guideline range. However, any procedural error in this regard was harmless, because it did not impact the sentence, which he had already determined. *See Cantrell*, 433 F.3d at 1280 n.4. The fact that the judge departed downward from the initial Guideline range clearly indicates that he did not presume that the Guideline sentence was reasonable. *See Nelson*, 129 S. Ct. at 892.

Finally, the district court's consideration and application of the factors in 18 U.S.C. § 3553(a) was adequate. It is clear from the judge's comments at the sentencing hearing that he considered the § 3553(a) factors, including the history and characteristics of the defendant, the seriousness of the offense, the need for deterrence, the need to protect the public, and the need to avoid unwarranted sentencing disparities. Not every factor was specifically discussed, but "[t]he district court need not tick off each of the §3553(a) factors to show it has

5

considered them. We assume that district judges know the law and and understand their obligation to consider all of the. . . factors." *Carty*, 520 F.3d at 992. The context and record in this case provide adequate explanation for the sentence imposed. *See id.* at 992. Lastimosa argues that the judge should have weighed the § 3553(a) factors differently, but there is no indication that the judge abused his discretion in weighing them as he did. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the [§ 3553(a)] factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**