NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4444
_____

UNITED STATES OF AMERICA
Appellee
v.

NYRON BRIDGES,
a/k/a LOOSE LOC,
Appellant


_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 07-cr-000115)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2011
_____

Before: SLOVITER and GREENAWAY, Jr., <u>Circuit Judges</u>, and POLLAK, <u>District Judge</u>[*]

(Opinion filed November 18, 2011)
_____

OPINION
_____

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1

POLLAK, District Judge

Appellant Nyron Bridges challenges the reasonableness of his 188-month sentence following entry of a guilty plea for distribution and possession with intent to distribute five grams or more of crack cocaine. We will affirm.

## I.

A federal grand jury charged Bridges and six co-defendants in a seven-count indictment alleging, inter alia, that Bridges and his co-defendants were members of two New Jersey subgroups of the Crips street gang that conspired to distribute controlled substances in Essex County, New Jersey. Pursuant to a plea agreement, Bridges pleaded guilty to Count Six of the indictment, which charged him with distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

The Presentence Investigation Report found that Bridges qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. In a letter submitted to the Court prior to his sentencing, Bridges argued that § 4B1.1 did not apply to him, or alternatively, that the nature of his offense and his criminal history warranted a significant downward departure or variance. Bridges also sought a downward adjustment based on the conditions at Passaic County jail, where he had been detained for 18 months prior to his sentencing.

At sentencing, the District Court determined that Bridges's two prior convictions for possession of cocaine with intent to distribute within 1000 feet of a school qualified him as a career offender. The District Court further determined that, since Bridges faced

2

a maximum statutory penalty of 25 or more years, his base offense level was 34. Bridges received a three-point reduction for acceptance of responsibility, resulting in an adjusted offense level of 31 and a Guidelines range of 188-235 months.[1]

The District Court then reviewed the 18 U.S.C. § 3553(a) factors. The Court noted Bridges's lengthy criminal history prior to the two convictions that served as predicates for the career offender designation. The Court also noted that Bridges was rearrested only nine months after his release from custody on his two prior convictions, and that he violated the conditions of his supervised release multiple times. The Court further observed that Bridges was a high-ranking member of the Hoover Five Deuce set of the Crips.

The District Court sentenced Bridges to 188 months, at the bottom of the Guidelines range. In imposing the sentence, the Court stated, "the seriousness of the offenses [is] of utmost importance. We have to deter Mr. Bridges from further crimes and we have to send a message . . . to the community that the gang related activity is not tolerated."

After his sentencing, Bridges filed a motion asking the District Court to vacate the judgment of conviction and resentence him. In the motion, Bridges alleged that he had not had time to respond to the government's assertion that he was a high-ranking gang member. At the hearing on Bridges's motion, the District Court noted that it sentenced in accordance with the guidelines as often as it possibly could in order to prevent sentencing

---

[1] The District Court also determined that if Bridges had not qualified as a career offender, it would have sentenced him using an adjusted offense level of 21.

disparity. The District Court denied Bridges's motion, holding that there was no reason to revisit Bridges's sentence because it was not "driven" by his gang status, but rather by "his career offender status, which he does not dispute."

Bridges now appeals his sentence.

## II.

We review a district court's sentence in two stages: first, we ensure that the district court committed no significant procedural error; second, we consider whether or not the sentence is substantively reasonable. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).[2]

First, Bridges argues that the District Court erred in concluding, over Bridges's objection, that he was a high-ranking member of the Hoover Five Deuce Set of the Crips and in failing to resolve the dispute in its consideration of Bridges's post-sentencing motion. Under Federal Rule of Criminal Procedure 32(i)(3)(B), the District Court is obligated to resolve factual objections to the PSR unless "a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." In ruling on Bridges's post-sentencing motion, the District Court concluded that its determination of whether Bridges was a high-ranking gang member had no effect on Bridges's sentence because the sentence was based on the career offender designation. Therefore, the District Court committed no procedural error in failing to resolve the factual dispute as to whether Bridges was a high-ranking gang member.

---

[2] We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Second, Bridges argues that the District Court failed to properly consider his argument that he should have been granted a downward departure or variance because his criminal history category substantially over-represented his criminal history and likelihood of recidivism. Specifically, Bridges argues that the District Court misinterpreted the basis of his motion for a downward departure when the Court stated, "I don't think the criminal history overstates the seriousness of this offense." Guideline § 4A1.3(b)(1) authorizes district courts, upon determining that a defendant's criminal history category substantially over-represents the defendant's criminal history and likelihood of recidivism, to "assign a criminal history category other than the otherwise applicable criminal history category." The language the District Court used in ruling on Bridges's downward departure motion suggests that the Court was considering the seriousness of the offense, rather than Bridges's criminal history, as required under Guideline § 4A1.3(b)(1). In context, however, it is clear that the District Court understood the basis for Bridges's motion. In discussing its reasons for rejecting Bridges's request for a variance on the same grounds, the District Court reviewed Bridges's entire criminal history, together with incidents evincing his poor adjustment to supervised release. The District Court's reference to "the seriousness of this offense" when denying Bridges's downward departure motion does not amount to procedural error.

Third, Bridges argues that the District Court erred when it failed to consider his request for a departure or variance based on the conditions of his detention at Passaic County jail. In his presentence letter to the Court, Bridges requested that the Court take

5

note of the deplorable conditions at Passaic County jail described in *United States v. Sutton*, No. 07-426, 2007 WL 3170128 (D.N.J. Oct. 25, 2007). Bridges's letter did not address in what way the general conditions at Passaic County jail had affected him during the time he spent in detention there. At his sentencing hearing, Bridges did not argue for a downward departure or variance based on his detention conditions at Passaic County jail. At sentencing, the District Court stated that it had "read everything" Bridges submitted to him prior to sentencing, but he did not directly address whether the conditions of Bridges's confinement at Passaic County jail qualified Bridges for a downward departure or variance. Because the Court indicated that it had reviewed Bridges's written submission, which included Bridges's cursory argument for a downward departure or variance based on detention conditions, and because Bridges did not argue for a downward departure or variance on this ground during his sentencing hearing, the District Court did not commit procedural error when, at the sentencing, it did not address the argument advanced in Bridges's presentence letter.

Bridges also argues that the District Court imposed a sentence greater than necessary to comply with the purposes of punishment. He contends that the District Court impermissibly presumed that the Guidelines were reasonable and unreasonably adhered to the Guidelines in imposing a sentence that was over two times as long as the sentence he likely would have received had the career offender designation not applied to him. *See Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam) (holding that "[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable"). That the District Court stated that it imposes

6

sentences in the Guidelines range "whenever possible" in order to avoid disparities does not mean that the Court entertains a presumption that Guidelines sentences are reasonable. Before imposing Bridges's sentence, the District Court summarized the § 3553(a) factors and carefully explained its decision to impose a 188-month sentence, referencing Bridges's criminal history, likelihood of recidivism, and the need to deter gang-related crime. We defer to the District Court's reasoned appraisal of the various factors relevant to a sentence. *United States v. Styer*, 573 F.3d 151, 155 (3d Cir. 2009). The record supports the conclusion that Bridges's sentence was substantively reasonable.

### III.

For the reasons stated above, we will affirm Bridges's sentence.