[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2012
JOHN LEY
CLERK

No. 11-14070
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00534-SCJ-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL MARTINEZ,
a.k.a. Blue,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 28, 2012)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Daniel Martinez appeals his total 136-month sentence

for carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count One), and carrying

and using a firearm during the carjacking, in violation of 18 U.S.C.

§§ 924(c)(a)(A)(ii) and 2 (Count Two). On appeal, Martinez argues that his 52-month sentence for Count One is procedurally and substantively unreasonable.[1]

After review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. Id.[2]

---

[1]Martinez does not challenge the reasonableness of his mandatory-minimum 84-month sentence on Count 2, which the district court was required to impose consecutive to the sentence for Count 1. See 18 U.S.C. § 924(c)(1)(A)(ii) & (D)(ii).

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to

The weight to be given any particular factor is left to the sound discretion of the district court. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). We reverse only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted).

As to procedural error, Martinez argues that the district court applied a presumption that the applicable guidelines range of 46 to 57 months was reasonable. A sentencing court may not automatically presume that the applicable guidelines range is reasonable. Nelson v. United States, 555 U.S. 350, 352, 129 S. Ct. 890, 892 (2009). Instead, after calculating the guidelines range, the sentencing court must "consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Id. at 351, 129 S. Ct. at 891-92.

We reject Martinez's contention that the district court merely applied a presumption of reasonableness. The district court stated that it "believe[d] a

victims. 18 U.S.C. § 3553(a).

sentence within the guidelines <u>for this case</u> constitutes a reasonable sentence <u>based on the factors under 3553 factors</u>." (Emphasis added.) This statement reflects that the district court found, "based on" the § 3553(a) factors and the circumstances of "this case," that a sentence within the guidelines range was reasonable and did not apply a presumption of reasonableness.

This conclusion is even more apparent when the statement is read in context. Before making this statement, the district court heard extensive argument from the parties about whether to impose a sentence within the guidelines range as to Count One or to grant Martinez's request for a downward variance on that count to 24 months. After making the challenged statement, the district court proceeded to discuss some of the § 3553(a) factors, including Martinez's young age and disadvantaged life, his criminal history, and some of the circumstances of the charged offense. The district court then concluded that a downward variance to 24 months on Count One "would not be appropriate." The district court imposed a 52-month sentence as to Count One, within the applicable guidelines range, and then the mandatory-minimum 84-month consecutive sentence as to Count Two, for a total 136-month sentence. The record belies Martinez's contention that the

district court committed procedural error.[3]

We also cannot say Martinez's 52-month sentence as to Count One was substantively unreasonable. During the offense, Martinez pointed a shotgun at three juveniles while his codefendant ordered them out of their vehicle. Martinez and his codefendant then drove away in the vehicle, taking it to a "chop shop," where Martinez received $300 and helped dismantle the vehicle.

At the time of the carjacking, Martinez and his codefendant belonged to the West Side Via Locos Gang. Martinez's codefendant admitted he committed the carjacking with Martinez because he feared "getting a 'violation' (punishment from the gang for not following orders)." Moreover, the victims of Martinez's carjacking were unwilling to press state charges because they feared retaliation by Martinez's gang.

Although Martinez was only 22 when he committed the carjacking, he already had several adult convictions, including convictions for robbery, affray, shoplifting, and possession of prescription controlled substances. In fact, at the time of the carjacking, Martinez was still on probation for the robbery offense, during which Martinez used a knife to rob the victim of a cell phone.

---

[3]The government argues that Martinez did not claim procedural error in the district court, and we should review only for plain error. Martinez disagrees. We need not resolve that issue because there is no error, plain or otherwise.

In declining to give the requested downward variance, the district court stressed that Martinez's criminal history was "not good" and that Martinez was on probation for a crime of violence when he committed the instant crime of violence.

Martinez points out that no one was injured during the carjacking. However, we do not second guess the weight the district court gives to the various factors, so long as the sentence ultimately imposed is reasonable in light of totality of the circumstances. See United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010). Here, the district court acknowledged Martinez's arguments in mitigation, including his claim that the shotgun he brandished was not loaded. However, the district court also noted that the carjacking victims did not know the shotgun was unloaded and lost their car. In light of the seriousness of Martinez's offense, his criminal history and involvement in a violent gang, we cannot say the district court's 52-month sentence, within the applicable guidelines range for Count One, was an abuse of discretion.

**AFFIRMED.**